HALLIDAY v. STATE.

Opinion delivered November 1, 1915.

POOL HALLS—GIVING EMPLOYMENT TO MINORS.—Giving employment to a minor in a pool hall is not permitting the minor to visit or to frequent or congregate with others there, within the meaning of act 98, page 62, Public Acts of 1911.

Appeal from Sevier Circuit Court; *Jefferson T. Cowling,* Judge; reversed.

*Steel, Lake* and *Head,* for appellants.

*Wallace Davis,* Attorney General, *Jno. P. Streepey,* Assistant, for appellee.

McCULLOCH, C. J.    This is an appeal from a judgment of conviction under a statute enacted by the Legislature at the session of 1911 which provides as follows:

"It shall be unlawful for the owner or keeper of any pool room, or pool hall or pool parlor or any employee of such owner or keeper to permit any person or persons under the age of eighteen years, to play pool, billiards, or any other game, or frequent or congregate in such pool room, or pool parlor or pool hall, or any department thereof."*

The case was tried upon the following agreed statement of facts:

"It is agreed by and between counsel for plaintiff and counsel for defendant that on or about the time alleged in the information in this case, the defendant, S. R. Halliday, was the owner of pool tables and paraphernalia for a pool hall in the town of Horatio, Sevier County, Arkansas; that after acquiring said pool hall he turned the same over to his son, George Halliday, a minor under the age of fifteen years, to operate under an agreement or understanding that the boy should have half the proceeds or earnings from the tables; that the tables were operated by said minor son under this agreement or understanding and all moneys received were deposited in the bank by him and were checked out by him; that

_____
* Act 98, p. 62.   Public Acts 1911.

the defendant himself had nothing to do with the operation of the tables, being a carpenter he was employed at his work, and the said pool hall was left to the exclusive management of the said minor; that said minor took charge of said pool hall, roomed in it and conducted it with the consent and approval of the defendant."

We are of the opinion that the facts do not bring the case within the operation of the statute. Appellant's son did not play either of the games mentioned in the statute, but was merely employed in the establishment to operate it. The statute neither prohibits leasing a pool hall to a minor or employing a minor in such a place. If the lawmakers had intended to give that effect to the statute it could easily have been so expressed. The language of the act is that it shall be unlawful for the owner to permit any person under the age of 18 years to "frequent or congregate in such pool room." It is unnecessary for us to enter into any discussion as to the full meaning which the lawmakers intended to give to this language, but it is certain that no such meaning was intended as would bring this case within the operation of the statute. There is little, if any, difference in the definitions by the lexicographers of the word "frequent." According to the Century Dictionary it is defined thus: "To visit often; resort to habitually." Another dictionary (New Standard) gives this definition: "To visit or repair to often; resort to habitually."

When considering this word in connection with the word "congregate" which follows, some difficulty may be found in determining with what degree of frequency visits to a pool room by a person within the prohibited age must occur in order to constitute the offense; but we readily reach the conclusion that the term used implies the permission of visits to a pool room and not mere giving employment to a minor at such a place. Giving employment to a minor at such a place is not permitting the minor to visit or frequent or congregate with others there. The judgment is, therefore, reversed and the cause dismissed.